14 So.3d 1261 (2009)
BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., and Health Options, Inc., Appellants/Cross-Appellees,
v.
UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, a Public Body Corporate, for the Benefit of the University of Florida College of Medicine, University of Florida College of Public Health and Health Professions, and University of Florida College of Dentistry, Appellee/Cross-Appellant.
No. 1D08-3813.
District Court of Appeal of Florida, First District.
July 6, 2009.
*1262 H. Michael Muniz, Andres Gonzalez, and Steven M. Ziegler of Steven M. Ziegler, P.A., Hollywood, for Appellants/Cross-Appellees.
A. Graham Allen, Christine M. Russell, and Robert H. Pritchard of Rogers Towers, P.A., Jacksonville, for Appellee/Cross-Appellant.
ROBERTS, J.
In this interlocutory appeal, the appellants, Blue Cross and Blue Shield of Florida, Inc., and Health Options, Inc., and the appellee, the University of Florida Board of Trustees, both challenge the trial court's non-final order denying in part and granting in part the motions to compel arbitration filed by the appellants. The appellants raise two issues on direct appeal, which we do not address because they are subsumed by our ruling on the cross-appeal. The appellee raises one issue on cross-appeal. The appellee argues that the trial court erred in finding that an arbitrable issue existed. We agree and reverse and remand with instructions to the trial court to enter a non-final order denying the appellants' motions to compel arbitration.

FACTS
Between 1987 and 1993, the parties entered into six agreements (the pre-existing agreements), four of which contained arbitration clauses. Two of the arbitration clauses included any claim or controversy "arising out of or relating to" the agreements. The other two arbitration clauses included any claim or controversy "arising out of or relating to" an audit finding under the agreements or any claim or controversy "arising under" the agreements.
In 2004, the parties entered into the Letter of Agreement. The Letter of Agreement did not contain an arbitration clause. It did, however, provide that it would "modify and supplement but not replace any existing agreements" between the parties. The Letter of Agreement also provided a reimbursement formula for the appellants' calculation of the payments due to the appellee. The formula utilized relative value units (RVUs) to assign a value to specific medical procedures or services, a methodology adopted by the Centers for Medicare and Medicaid Services (CMS) for calculating the amount of Medicare reimbursements; applied geographical practice costs indices to adjust each RVU by geographical area; and then made adjustments based on a specifically negotiated conversion factor. According to the appellee, in January of 2007, CMS adopted a new methodology to reduce Medicare reimbursements which applied a "budget neutrality factor adjustment." The parties, however, did not modify the reimbursement formula to adopt this new methodology.
In 2008, the appellee filed a declaratory judgment action against the appellants regarding the rights and obligations of the parties under the Letter of Agreement. The appellee alleged that the appellants were applying the CMS's "budget neutrality factor adjustment" to reduce payments due to the appellee, in violation of the Letter of Agreement.
The appellants then filed motions to compel arbitration of the declaratory judgment action. The appellants argued that, *1263 because the Letter of Agreement supplemented the pre-existing agreements and was made part of the complaint, the pre-existing agreements were also part of the complaint. The appellants also argued that, because four of the pre-existing agreements contained arbitration clauses, any disputes related to those agreements had to be submitted to arbitration.
Following a hearing on the motions, the trial court entered a non-final order denying in part and granting in part the appellants' motions. The trial court found that (1) there was a valid agreement to arbitrate; (2) there was an arbitrable issue, specifically whether the "budget neutrality factor" methodology applied to medical procedures or services under the "subject contracts;" and (3) arbitration had not been waived. With respect to the two pre-existing agreements not containing arbitration clauses, the trial court denied the motions with prejudice. With respect to the four pre-existing agreements containing arbitration clauses, the trial court denied the motions without prejudice and stayed the issues pertaining to those agreements.

ANALYSIS
In ruling on a motion to compel arbitration, a trial court must consider three elements: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. See Seifert v. United States Home Corp., 750 So.2d 633, 636 (Fla.1999). The issue on cross-appeal does not relate to the first or third elements. It is undisputed that the Letter of Agreement did not contain an arbitration clause. It is also undisputed that four of the pre-existing agreements did contain arbitration clauses and the right to arbitration under those agreements was not waived.
The issue on cross-appeal relates to the second element. The appellee argues that no arbitrable issue existed. This argument has merit. To find that an arbitrable issue existed, there must have been some nexus between the claim and the four pre-existing agreements containing arbitration clauses. See id. at 638. At a minimum, the claim must have raised some issue which could not have been resolved without reference to or construction of some portion of the four pre-existing agreements containing arbitration clauses. See id.
The appellee's claim sought a declaratory judgment regarding the rights and obligations of the parties under the Letter of Agreement and alleged that the appellants were in violation of that agreement. The appellee's claim did not seek a declaratory judgment regarding the rights and obligations of the parties under the four pre-existing agreements containing arbitration clauses or allege that the appellants were in violation of those agreements. Consequently, there is no nexus between the appellee's claim and the four pre-existing agreements containing arbitration clauses. It is also clear that resolution of the appellee's claim does not require reference to or construction of any portion of the four pre-existing agreements containing arbitration clauses. Accordingly, the trial court erred in finding that an arbitrable issue existed.
REVERSED and REMANDED with instructions for the trial court to enter a non-final order denying the appellants' motions to compel arbitration.
KAHN and THOMAS, JJ., concur.